GRIMES, Justice.
The Florida Bar charged John H. Keane in a sixteen-count complaint with various acts of misconduct. A referee found Keane guilty of fifteen of those counts and recommended he be suspended from the practice of law for two and one-half years. Both the Bar and Keane seek review of the referee’s recommendation. We have jurisdiction. Art. V, § 15, Fla.Const.
The Bar’s charges arose out of a criminal case in which Keane, the Public Defender for the Sixteenth Judicial Circuit, was charged by information with fifteen counts of grand theft and receiving improper state travel expenses and one count of receiving unlawful compensation. Keane settled the criminal case on November 6, 1984, by entering an “Alford plea” to one count of grand theft.[1] Adjudication of guilt was withheld, and he was placed on probation, which he completed successfully. He also voluntarily surrendered his license to practice law. Thereafter, this Court ordered his indefinite suspension on September 20, 1985 (Case No. 66,596).
In charging respondent in its complaint (Case No. 68,771), the Bar tracked the pleadings in the information. These charges can be broken down as follows:
Counts One through Nine: obtaining reimbursement for personal travel by submit *991 ting false travel vouchers on nine occasions covering more than five years.
Count Ten: letting Anita Lee Taylor, then his fiancee, charge gasoline to the Public Defender’s office account.
Count Eleven: taking a stereo system from the Public Defender’s office and giving it to Miss Taylor.[2]
Count Twelve: selling office furniture to the Public Defender’s office at an inflated value.[3]
Count Thirteen: using Public Defender’s office funds to pay for his car insurance.
Count Fourteen: using Public Defender’s office funds to buy a camera from Miss Taylor, who then used the proceeds to buy the stereo system.
Count Fifteen: using a belt sander that .was owned by the Public Defender’s office in his own residence.[4]
Count Sixteen: accepting a bribe.
The referee found Keane guilty of all but the final count. He found Keane had violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law) of the former Code of Professional Responsibility. He also found, however, considerable mitigation in Keane’s age (he was 60 years old at the time), indigency, poor health, loss of stature, many character references, record of military service, and “many productive years in public service.”
The Bar argues that Keane’s misconduct is so severe as to be grounds for disbarment. Keane argues that the suspension should be made retroactive to the date of the temporary suspension, which would make him eligible for reinstatement immediately.
The thrust of Keane’s argument is that the referee’s written findings do not comport with his oral findings, which indicate that the Bar’s proof was lacking on most of the counts, and that the others (such as the belt sander incident) were trivial. It is true that with respect to the travel expenses the referee expressed doubts as to the Bar’s ability to prove grand theft because it was impossible to ascertain how much, state money Keane received in excess of that to which he was entitled. However, the referee noted that the misrepresentations on the travel voucher were “illegal, incorrect and unethical.”
Viewed as a whole, the record in this case reveals a shameful misuse of public position and trust. While some of the conduct was trivial, much of it was quite serious. Keane repeatedly had the State of Florida pay for his personal trips from the sites of various seminars he attended to his vacation home in Beech Mountain, North Carolina. He first, leased furniture to his own office, then sold the used furniture to the office. He authorized his fiancee to charge her gasoline to the Public Defender’s office account. He also let her have the office stereo system to use and then had the office buy a camera from her so that she could pay for the stereo. There is competent substantial evidence to support all of the referee’s findings of guilt as to conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct adversely reflecting on Keane’s fitness to practice law.
We have no doubt that Keane’s misconduct warrants disbarment. Keane’s transgressions were more than isolated incidents of misjudgment. He took advantage of his position as Public Defender to repeatedly commit unethical and illegal acts. See The Florida Bar v. Bern, 425 So.2d 526 (Fla. *992 1982) (cumulative misconduct treated more harshly).
Therefore, we approve the referee’s report in finding Keane guilty of fifteen acts of misconduct but disapprove the recommended sanction. Keane is hereby disbarred from the practice of law, effective from March 4, 1985, the date this Court suspended him. Keane will not be allowed to apply for readmission until five years from that date. Judgment for costs in the amount of $3,936.01 is entered against Keane, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and KOGAN, JJ., and ANNE C. BOOTH and WINIFRED L. WENTWORTH, Associate Justices, concur.

. This is a plea of convenience named for Alford v. North Carolina, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1971). Under an Alford plea a defendant does not admit guilt or the factual basis for the charge, but pleads in order to take advantage of favorable terms offered by the prosecution.

. Keane says the stereo system had two purposes: to provide background music for callers placed on hold and for employees to listen to "relaxation tapes” provided by Miss Taylor, who was described as a hypnotist and "relaxation therapist.”

. The record showed that Keane had originally leased the furniture to his own office. When the state questioned this transaction, Keane sold it to the Public Defender’s office through a "straw man.” It was this conduct to which Keane pleaded guilty in the criminal case.

.Keane said the belt sander was a necessary purchase because the public defender’s offices needed renovating and the landlord refused to do the repairs.