OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The issue here is the validity of a waiver of the right to appeal made as part of a sentencing bargain after a jury finding of guilt. A lighter sentence was openly agreed to and conditioned upon defendant not raising, on appeal, certain alleged errors that occurred at trial.
 

 After the first trial ended in a hung jury, defendant was retried and convicted of criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle. He was sentenced to concurrent one-year terms in prison.
 

 After the retrial, held from July 7 through July 27, 1992, defendant moved, by notice of motion dated September 4, 1992, for an order setting aside the verdict on the grounds that the trial court had committed two errors. The first alleged error was the court’s limitation on what was read to the jury from defendant’s testimony at his first trial. Defendant contended that exculpatory portions of that testimony were not read to the jury. The second error alleged was that the court’s charge to the jury, in effect, amended the indictment by stating that defendant could be convicted regardless of whether he was the driver or a passenger in the automobile, contrary to the prosecution’s theory of the case that defendant was the driver. By a notice of motion dated December 30, 1992, defendant additionally moved to set aside the verdict on the ground that he was not present for discussions with certain prospective jurors concerning their ability to be fair and impartial.
 
 *
 
 The decisions on these motions were obviated by the sentence bargain that ensued.
 

 After conviction, defendant faced a maximum sentence of 21/3 to 7 years in prison. In return for a waiver of his right to appeal each of the alleged errors, defendant was sentenced to concurrent one-year terms. Relying upon
 
 People v Avery
 
 (85
 
 *878
 
 NY2d 503) and
 
 People v Seaberg
 
 (74 NY2d 1), the Appellate Division concluded that defendant’s waiver of his right to appeal was "knowing, intelligent and voluntary,” and affirmed.
 

 On this appeal defendant contends that the court accepted the bargain solely because it was concerned about reversal, thereby undermining the integrity of the judicial process
 
 (see, People v Seaberg,
 
 74 NY2d, at 11). He seeks a reversal of the Appellate Division order and a remand to that Court for a review of the merits of issues not previously addressed.
 

 To be enforceable, a waiver must be knowing, voluntary and intelligent. When accepting a waiver, a trial court must consider the reasonableness of the bargain, its appropriateness under the circumstances and the effect on the integrity of the judicial process
 
 (People v Seaberg,
 
 74 NY2d, at 11). Reviewing courts must be likewise vigilant. As we cautioned in
 
 Seaberg,
 
 "Manifestly, an unfair bargain or one coerced to conceal error or misconduct does not meet these standards and is subject to vacatur on direct appeal or by appropriate posttrial proceedings”
 
 (id.). (Compare, People v Calvi,
 
 89 NY2d 868 [decided today].)
 

 Here, there is no cognizable coercion of the kind we were concerned with in
 
 Seaberg.
 
 There was no effort to conceal error and defendant was fully aware of what the appealable issues were. It was his choice to accept a lighter sentence rather than risk the delay and outcome of an appeal or a new trial. Having made his choice, there is no reason for this Court to interfere. Avoidance of an appeal of openly explored, arguable issues of law is not concealment of error for these purposes, and in this case does no actual or perceptual damage to the integrity of the judicial process.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.
 

 *
 

 On October 27,1992, this Court determined that a defendant had a right to be present when prospective jurors were questioned about their ability to be fair and impartial
 
 (People v Antommarchi,
 
 80 NY2d 247). On December 17,1992, this Court determined that
 
 People v Antommarchi
 
 would be applied in all cases where jury selection commenced after October 27, 1992
 
 (People v Mitchell,
 
 80 NY2d 519), a date after the jury was selected in this case.