■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN T. JOHNSON, Appellant. [652 NYS2d 788] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 22, 1995, upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the third degree.

On September 12, 1994 at approximately 8:00 P.M., Lucinda Cornelius observed an individual standing by a broken window in a building located in the Town of Southport, Chemung County, that housed Elmira Specialty Motors, an automobile dealership. She immediately called the police who responded promptly. As Deputy Sheriff Jon Bailey approached the scene, he observed a 1984 Camaro leaving the dealership's parking lot. He noticed that the Camaro did not have license plates nor were its headlights on. Bailey and another officer stopped the Camaro at a nearby intersection and apprehended defendant, who was driving the vehicle. When defendant exited the Camaro, Bailey noticed that his right hand was bleeding and that there was blood inside the car. When the officers returned to the dealership, they noticed the broken window and blood inside the building and around the keyboard where the Camaro's keys were kept. Defendant was subsequently indicted and, after trial, convicted of the crimes of burglary in the third degree and grand larceny in the third degree. He now appeals.

We shall dispose of defendant's challenges to his conviction without extended discussion. Viewing the proof in a light most favorable to the People, the dealership owner's testimony that the Camaro's sales price was $3,150 and that he sold and financed it the next month for $3,500 provided legally sufficient evidence that its value exceeded $3,000 (*see, People v Stacey,* 173 AD2d 960, 961, *lv denied* 79 NY2d 832). We likewise find that there was legally sufficient evidence identifying defendant as the individual who burglarized the dealership. Defendant's claim that he was not promptly arraigned is not properly before us as it was not raised below (*see, People v Brooks,* 105 AD2d 977, 979). Nor do we find this issue to be cause for reversing in the interest of justice (CPL 470.15 [6]), as it appears that on September 12, 1994 defendant was arrested upon a parole warrant and not as the result of the crimes committed at the dealership. Lastly, inasmuch as defendant could have been sentenced as a persistent felony offender (*see,* Penal Law § 70.10), his sentence as a second felony offender to concurrent terms of imprisonment of $3^1/_2$ to 7 years cannot be deemed harsh or excessive (*see, People v Parker,* 220 AD2d 815, 817, *lv denied* 87 NY2d 1023).

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.