■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RIVERA, Appellant. [703 NYS2d 289] —Spain, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 10, 1997, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, a prison inmate, was convicted after a jury trial of promoting prison contraband in the first degree based upon his possession of a weapon. At sentencing, defendant agreed to waive his right to appeal all issues except the excessiveness of the sentence in return for the People's concession not to pursue persistent felony offender treatment. Defendant was sentenced as a second felony offender to the maximum possible indeterminate term of $3\frac{1}{2}$ to 7 years of imprisonment. Defendant appeals.

We reject defendant's claim that the sentence is harsh and excessive. Clearly, defendant received a significant measure of leniency when he avoided persistent felony offender treatment. As County Court noted, defendant had 22 prior convictions, which had escalated from misdemeanors to felonies including robbery. Upon our review of the record, we perceive no abuse of discretion or extraordinary circumstances requiring our intervention (see, People v Johnson, 235 AD2d 574, lv denied 89 NY2d 1036; People v Perez, 221 AD2d 725).

We further conclude that the arguments raised by defendant in his pro se supplemental brief pertaining to the validity of his waiver of appeal rights lack merit. Of course, a waiver of the right to appeal is only enforceable if it is voluntary, knowing and intelligent (see, People v Seaberg, 74 NY2d 1, 10-11; see also, People v Callahan, 80 NY2d 273, 280). However, we do not agree with defendant's contention that County Court's failure during the sentencing hearing to advise him that if he were to reject the sentencing deal he would have the right to a persistent felony offender hearing rendered his waiver of ap-

peal rights invalid or coerced (*see*, CPL 400.20). Thus, defendant's remaining *pro se* contentions were waived as a result of his enforceable waiver of the right to appeal any issue other than the excessiveness of his sentence.

Finally, we also reject the nonappealing People's alternative request that this Court vacate defendant's sentence and remit the matter for resentencing to permit the People to pursue persistent felony treatment. The People seek this as a remedy for defendant's attempt to raise issues which were waived under the terms of his waiver of appeal agreement. Such a disposition is not authorized under these circumstances (*see*, CPL 470.15) and, indeed, the proper remedy in this Court is enforcement of the waiver agreement (*see*, *People v Seaberg*, *supra*, at 10; *People v George*, 261 AD2d 711, *lv denied* 93 NY2d 1018).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.