914 So.2d 519 (2005)
Theodore J. LEACH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-752.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
*520 Richard L. Rosenbaum of Law Offices of Richard Rosenbaum, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.
*521 GROSS, J.
Theodore J. Leach appeals his conviction of grand theft after a jury trial. §§ 812.014(1), (2)(c)(1), Fla. Stat. (2004). We affirm, because Leach entered into a valid, post-conviction sentencing bargain, whereby he waived his right to appeal in return for a sentence of probation.
The jury found Leach guilty as charged of grand theft. The court orally sentenced him to one year and one day in prison, followed by two years of probation, with the special condition of restitution to the victim. The defense requested a one week furlough so that Leach could travel to California and get his affairs in order before surrendering to serve his sentence. The court agreed to the request and proposed a form of sentence that would accommodate Leach, so long as he returned the following week.
At that point, the victim indicated that he did not want Leach to go to jail; all the victim wanted was his money back. After conferring with the victim, the prosecutor recommended a sentence of 30 days in jail, followed by probation, provided that Leach waive his right to appeal the conviction. The court allowed Leach to consult with his attorney and negotiate with the state, off the record.
After negotiations, defense counsel announced that the state was willing to recommend a sentence of five years' probation, with no jail time, if Leach waived his right to appeal. Counsel had reservations about waiving the right to appeal, but indicated that Leach had agreed to the state's offer:
Defense Counsel: I desperately don't want to waive his right to appeal. I feel very strongly that the conviction would be reversed. However, if that's what he wants to do and he, I explained it to him now. He understands the risks and whatnot. I don't want to waive his right to appeal and then have the Court impose a jail sentence. I don't want to get caught up in that kind of procedural type of thing.
The Court: You're saying he will agree to waive his right to appeal if the Court sentences him to straight probation?
Defense Counsel: Yes, judge.
The court then questioned Leach and determined that he had had enough time to consult with his lawyer and that he understood the ramifications of waiving his right to appeal. Pursuant to the negotiations, the court sentenced Leach to five years' probation with the special condition of restitution of $4,871. The judge told Leach that he was waiving his right to appeal.
Nonetheless, Leach filed this appeal in which he challenges the sufficiency of the evidence at trial to support his conviction. He argues that (1) he "did not directly, expressly, or sufficiently" waive his right to appeal, and (2) the waiver was not freely or voluntarily entered.
"While our supreme court has recognized that criminal defendants have no federal constitutional right to a direct appeal, under article V, section 4(b) of the Florida Constitution, there is constitutional protection of the right to appeal." Harriel v. State, 710 So.2d 102, 103 (Fla. 4th DCA 1998)(en banc)(internal citations omitted) (where a defendant waives a right to appeal a conviction after a jury's finding of guilt.)
Florida law does not preclude a defendant from waiving his right to appeal. A defendant may waive constitutional, statutory, or procedural rights during the criminal process. See, e.g., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (privilege against self incrimination); Fla. R.Crim. P. 3.191(i)(1), 3.260 (waivers of speedy trial and jury *522 trial). In a typical plea bargain, a defendant "gives up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence." Fla. R.Crim. P. 3.172(c)(4). No Florida rule of criminal procedure directly controls a post-conviction sentencing bargain. This case differs from a rule 3.172 plea bargain, which is directed at a pretrial plea of guilty or nolo contendere. Leach persisted in his plea of not guilty, went through a trial, with all of its constitutional protections, and the jury found him guilty. Leach traded his last bargaining chiphis right to appeal the convictionfor a sentence of probation, thereby avoiding the prison sentence that the judge had just announced.
We agree with those courts which have held that nothing "inheres in a defendant's right to appeal from a judgment of conviction which makes an express waiver of it an unacceptable condition" of a sentencing bargain. People v. Seaberg, 74 N.Y.2d 1, 7, 543 N.Y.S.2d 968, 541 N.E.2d 1022, 1024 (N.Y.1989); see also Cubbage v. State, 304 Md. 237, 498 A.2d 632 (1985); People v. Holman, 89 N.Y.2d 876, 653 N.Y.S.2d 93, 675 N.E.2d 847 (N.Y.1996). A majority of jurisdictions have held that allowing a defendant to waive the right to appeal is not inherently illegal or unfair. See Cubbage, 498 A.2d at 634; contra Spann v. State, 704 N.W.2d 486 (Minn.2005).[1] Some of these holdings arose from the waiver of a right to appeal as part of a plea bargain before trial. See, e.g., United States v. Nave, 302 F.3d 719 (7th Cir.2002); Staton v. Warden, 175 Conn. 328, 398 A.2d 1176, 1178 (1978); Weatherford v. Commonwealth, 703 S.W.2d 882 (Ky.1986); State v. Perkins, 108 Wash.2d 212, 737 P.2d 250 (1987). We see no reason to treat a plea bargain waiver of the right to appeal differently from a waiver that occurs in a sentencing bargain after a jury's finding of guilt. If anything, a "defendant's appreciation of the value of the right to appeal is far more refined after guilt or innocence has been decided by trial than before." Seaberg, 543 N.Y.S.2d 968, 541 N.E.2d at 1026.
The American Bar Association Standards for Criminal Justice acknowledge the propriety of a defense attorney using the right to appeal as a bargaining chip during post-conviction negotiations. The standard directed at a trial counsel's duties with regard to an appeal provides that "after determination of guilt in a contested proceeding," defense counsel "should consider the possibility of negotiating with the prosecutor for a reduction in the grade of offense or mitigation of the severity of sentence in exchange for a plea of guilty." ABA Standards for Criminal Justice § 21-2.2(c) (2d ed.1980 and Supp.1986). The commentary to the standard explains that:
It may well be in the best interest of the defendant and the prosecution to reach agreement concerning the outcome of a case rather than extend litigation by appeal over the possible errors that may have occurred to that point. Such an agreement, openly presented to the trial court and accepted by the trial court, does not involve a procedure any more questionable than a pretrial negotiated guilty plea. Inclusion in the agreement of a provision that wholly waives the right of appeal is entirely proper.

Id. (emphasis added).
The New York Court of Appeals has identified the public policy that permits a *523 post-conviction waiver of the right to appeal as part of a sentencing bargain: "[T]he final and prompt conclusion of litigation is an important goal of public policy in criminal as well as civil litigation, provided always that the settlement is fair, free from oppressiveness, and sensitive to the interests of both the accused and the [State]." Seaberg, 543 N.Y.S.2d 968, 541 N.E.2d at 1025.
To be enforceable, a post-conviction sentencing bargain, like a plea bargain, must be voluntary, knowing, and intelligent. See id. at 1026; Cubbage, 498 A.2d at 638; Perkins, 737 P.2d at 251; Fla. R.Crim. P. 3.172(a) & (c). "The trial court determines that it meets those requirements by considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement, and the age, experience and background of the accused." Seaberg, 543 N.Y.S.2d 968, 541 N.E.2d at 1026; see Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). "[N]o particular ritual or form of litany is required." Cubbage, 498 A.2d at 638.
Here, we find that the trial judge's determination of voluntariness was adequate. The record reflects that Leach had time to consider the sentence, discuss it with his lawyer, and reflect upon the alternatives. Because the judge had agreed to a delayed surrender date, imminent imprisonment did not force an immediate decision. The terms of the bargain were highly favorable to Leach. "There was no effort to conceal error and [Leach] was fully aware of what the appealable issues were." Holman, 653 N.Y.S.2d 93, 675 N.E.2d at 849. The strongest point on appeal was the sufficiency of the evidence on criminal intent. Just as with a pretrial Alford[2] plea, a defendant may make a sentencing bargain to waive the right to appeal a viable issue "in order to take advantage of favorable terms offered by the prosecution." The Florida Bar v. Keane, 536 So.2d 990 n. 1 (Fla.1988).
Leach's second argument is that his agreement to waive his right to appeal was not free and voluntary. However, he failed to preserve this issue for appeal by not raising it in the trial court. Voluntariness is a factual issue which must be developed in the trial court before an appellate court may consider it. "An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and properly preserved, or if not properly preserved, would constitute fundamental error." § 924.051(3), Fla. Stat. (2004). Although no rule of criminal procedure directly controls this scenario, we believe that Leach could have moved to set aside his favorable sentence and revive his right to appeal by bringing his involuntariness claim under rule 3.170(l), which concerns a motion to withdraw a plea after sentencing. A sentencing bargain is analogous to a plea bargain, justifying the use of the same procedural vehicle to address a claim of involuntariness. See Fla. R.Crim. P. 3.020 (providing that "[t]hese rules are intended to provide for the just determination of every criminal proceeding" and "shall be construed to secure simplicity in procedure and fairness in administration.").
The contention that a waiver of the right to appeal was involuntary does *524 not give rise to fundamental error. Thomas v. State, 838 So.2d 535 (Fla.2003), concerned a defendant who, when pleading guilty to murdering his mother, agreed to waive his right to appeal the guilt phase issues in a separate case involving the murder of his wife. In a post-conviction relief claim, the defendant argued that "this waiver violate[d] general constitutional principles and contravene[d] public policy." Id. at 539. The supreme court held that the defendant's claim was procedurally barred because it should have been raised in the trial court. Significantly, the supreme court did not treat the waiver of appeal issue as one of fundamental error.
Affirmed.
STONE and HAZOURI, JJ., concur.
NOTES
[1] In Spann v. State, 704 N.W.2d 486 (Minn.2005), the Minnesota supreme court held that based on "public policy and due process considerations," a "defendant may not, after conviction at trial and sentencing, waive the right to appeal." See also State v. Ethington, 121 Ariz. 572, 592 P.2d 768 (1979); People v. Harrison, 386 Mich. 269, 191 N.W.2d 371 (1971).
[2] "An Alford plea is `a plea containing a protestation of innocence when ... a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.' North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970)." The Florida Bar v. Levine, 571 So.2d 420, 421 n. 1 (Fla.1990).