972 So.2d 1013 (2008)
David Russell STAHL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5803.
District Court of Appeal of Florida, Second District.
January 4, 2008.
*1014 Bruce G. Howie, Clearwater, for appellant.
VILLANTI, Judge.
David Russell Stahl appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. After diligent consideration we affirm, but we write to address an issue that has not previously been addressed by this court.
In case 01-CF-005859, Stahl was found guilty by a jury of a lewd or lascivious battery, a second-degree felony. Stahl also had pending against him charges of lewd or lascivious conduct in case 01-CF-001737 and unlawful sexual activity with a minor in case 01-CF-005860, both second-degree felonies. On September 9, 2004, Stahl, himself a lawyer at the time, entered into a negotiated plea agreement and received a postconviction sentencing bargain of six years in prison followed by nine years of sex offender probation. However, *1015 pursuant to the plea agreement, Stahl also pleaded guilty in case 01-CF-001737 to the lesser-included offense of felony battery in exchange for a sentence on that charge of one year and one day in prison, to run concurrently with the sentence in case 01-CF-005859. Pursuant to this same agreement, case 01-CF-005860 was nolle prossed. Importantly, as a condition of the plea agreement, Stahl expressly waived his right to "all post-verdict challenges[1] in case number 01-CF-005859, including but not limited to any motion for new trial, direct appeal, habeas corpus, and/or motion for post-conviction relief, and any appeal, habeas corpus, and/or motion for post-conviction relief in case number 01-CF-001737." Stahl was sentenced in accordance with this plea agreement.
Nonetheless, Stahl filed various postconviction motions, including the instant rule 3.850 motion. In this motion, Stahl raised forty-two grounds for relief, including newly discovered claims of fundamental error rendering his sentence in case 01-CF-005859 illegal. However, Stahl's claims relate to acts or omissions allegedly committed by the prosecutor, his lawyer, or the trial court in connection with that case. All of his complaints involve matters that he was clearly aware of, or should have been aware of, when he entered into the subject plea agreement. Stahl further asserted in his memorandum of law supporting his rule 3.850 motion that his negotiated plea agreement could not bar his right to file this motion. The postconviction court denied the rule 3.850 motion, finding that Stahl entered into a negotiated plea agreement in which he waived his right to file postconviction motions.
"No Florida rule of criminal procedure directly controls a post-conviction sentencing bargain." Leach v. State, 914 So.2d 519, 522 (Fla. 4th DCA 2005). However, "[a] defendant may waive constitutional, statutory, or procedural rights during the criminal process." Id. at 521 (citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). After a jury's finding of guilt, a defendant has a right to appeal and to file postconviction motions, and it may be in his best interest to use those rights as a bargaining chip. Id. at 522. Once a defendant has time to review a plea agreement, discuss it with his lawyer, and consider alternatives, he may waive his right to postconviction motions. Id. at 523.
Moreover, it is well established that a defendant can waive his statutory right to a direct appeal contained in a preconviction plea agreement. See United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir.2001). Likewise, a defendant can waive his right to collaterally attack his judgment and sentence when the waiver is expressly stated in the plea agreement and he knowingly and voluntarily agrees to the waiver. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.2005). However, ineffective assistance of counsel claims attacking the advice received from counsel in entering into the plea and waiver cannot be waived. See Nixon v. United States, No. CV206-071, 2006 WL 2850430, at *2 (S.D.Ga. Oct.3, 2006).
Although Leach addressed the ability to waive a right to appeal, by extension, this concept would also apply to the right to file a rule 3.850 motion attacking a conviction. Stahl had over three months to review the plea agreement, discuss it with his lawyer, and consider other alternatives. *1016 Further, Stahl received a reduced sentence on the jury conviction, another pending felony was reduced to a lesser-included offense, and yet another pending felony was nolle prossed altogether as compensation for trading his last bargaining chipi.e., all postconviction motions. Therefore, Stahl waived his right to postconviction challenges and received the bargained-for sentences. See State v. Swett, 772 So.2d 48, 52 (Fla. 5th DCA 2000) (stating that a defendant cannot accept the benefit of the bargain without accepting its burden).
Hence, his only available remedy is to move to withdraw his plea by alleging that it was not knowingly and voluntarily entered or allege that his counsel was ineffective for misadvising him to enter into the plea agreement. See Williams, 896 F.3d at 1342; see also Nixon, 2006 WL 2850430, at *2. In his brief, Stahl complains that his waiver was not sufficient because the trial court did not repeat the specific plea terms verbatim. However, on the record and in Stahl's presence, the trial court conducted a sufficient inquiry pursuant to Florida Rule of Criminal Procedure 3.172(c)(7), as evidenced in the following exchange:
[STATE PROSECUTOR]: We have offered this [plea agreement] in which Mr. Stahl has waived all post trial challenges, including direct appeal and . . . any post conviction motions including habeas corpus, 3.850 and waiving his right to make any challenges in 01-1737.
. . . .
THE COURT: Do you understand the agreement which your attorney and the State have just presented to me . . . ?
[MR. STAHL]: Yes.
Thus under the facts of this case, as supported by the above record, Stahl's contention has no merit. Furthermore, Stahl agreed to the specific plea terms in the written plea form which he and his attorney signed. Even if Stahl were not a law school graduate, the plea colloquy was more than adequate to refute his claim. In fact, he did not claim not to have understood the plea terms but only that the postconviction waiver should not be effective because the sentencing judge did not repeat the plea terms verbatim. Moreover, Stahl does not allege that he received any misadvice from his counsel regarding the entry of his plea or the agreement. Therefore, on the record before us, Stahl's waiver is binding; he has not and cannot allege any other basis to avoid its binding effect.
Accordingly, we affirm the postconviction court's denial of this rule 3.850 motion.
Affirmed.
WHATLEY and DAVIS, JJ., Concur.
NOTES
[1] The plea form uses the term "post-verdict" presumably because the agreement followed a jury verdict of guilty, but we will use only the term "postconviction" in this opinion because Stahl is attempting to overcome the waiver of his postconviction rights.