Carpinello, J.
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered September 9, 2005, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.
A jury found defendant guilty of criminal sale and criminal possession of a controlled substance in the third degree based on evidence that he sold a piece of crack cocaine to Robert Hogan outside a market at a particular intersection in the City of Schenectady, Schenectady County. At sentencing, the People recommended the imposition of the minimum sentence with the *1055 expectation that defendant waive his right to appeal. He was thereafter sentenced as a second felony offender to concurrent terms of imprisonment of 44/2 to 9 years. This appeal ensued.
We agree with defendant’s contention that his waiver of the right to appeal after the jury’s findings of guilt was not knowing, intelligent or voluntary (see People v Holman, 89 NY2d 876, 878 [1996]) and therefore unenforceable (see People v Rivera, 268 AD2d 674 [2000], lv denied 94 NY2d 952 [2000]; see also People v Seaberg, 74 NY2d 1, 11 [1989]; People v Callahan, 80 NY2d 273, 280 [1992]). County Court never explained the legal effect of the waiver to him or assured itself that his attorney did so (see People v Govan, 199 AD2d 815, 816 [1993], lv denied 83 NY2d 853 [1994]). Notably, defendant specifically inquired about the consequences of refusing to waive this right at which time County Court responded, without elaboration or explanation, that it was going to “impose a sentence” and “proceed” anyway. Defendant interpreted the court’s response as an implied threat to impose a harsher sentence if the right was not waived. Moreover, while defendant executed a written waiver of appeal, this document did not cure the deficiency in the oral waiver since it applied to a waiver following a guilty plea conviction and not, as here, a waiver following a jury trial conviction. Under these circumstances, we find the waiver to be invalid (see People v Holman, 89 NY2d at 878; People v Callahan, 80 NY2d at 280; People v Seaberg, 74 NY2d at 11).
As a consequence, we are not foreclosed from reviewing defendant’s arguments that the evidence was legally insufficient and that the verdict was against the weight of the evidence. In particular, defendant argues that there was no evidence that he was the individual who sold a small piece of crack cocaine to Hogan that day since Hogan himself did not identify defendant as the seller. Hogan, who suffers from a learning disability, confirmed that he was involved in a drug transaction at the time and place in question. Hogan’s testimony confirmed that he purchased a “rock of cocaine” outside a particular market from a “black male with curly hair wearing a tan jacket.”
Although Hogan was unable to identify defendant as the seller, the testimony of two police officers, who had an unobstructed view of the entire transaction and knew defendant, filled this evidentiary gap. The officers testified that their police cruiser was stopped at an intersection in the vicinity of the subject market. At this time, they observed an unknown man, later identified as Hogan, hand money to defendant in exchange for a substance removed from a clear plastic bag. Defendant had shoulder length dreadlocks and was wearing a tan jacket. Hogan *1056 was immediately arrested and a substance, later confirmed to be crack cocaine, was found on his person. Defendant was arrested a few minutes later and well over $550 in cash was found on his person. Viewing the evidence in a light most favorable to the People, we find that there is a valid line of reasoning and permissible inferences from which the jury could rationally conclude that defendant possessed and sold crack cocaine to Hogan that day (see CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, despite discrepancies in testimony concerning the precise amount of cash recovered from defendant and the officers’ precise distance from the transaction, upon the exercise of our factual review power, we conclude that the verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d at 495).
Mercure, J.P, Spain, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.