PER CURIAM.
Gabby Tennis appeals the denial of a rule 3.850 motion which challenged the voluntariness of his postconviction sentencing bargain. Tennis was convicted of first degree felony murder and sentenced to death. On appeal, the Florida Supreme Court reversed and remanded for a new trial. Tennis v. State, 997 So.2d 375 (Fla.2008). On retrial, Tennis was again convicted of first degree felony murder, and the jury recommended death. In response, the defense proposed a postconviction sentencing agreement to the State. At defense counsel’s suggestion, Tennis entered a postconviction sentencing bargain agreeing to waive his right to appeal and to allege ineffective assistance of counsel in postconviction proceedings in exchange for a life sentence.
Tennis previously moved under rule 3.170(Z) to withdraw his agreement as involuntary. His motion was treated as a rule 3.850 motion and denied. On appeal, this court affirmed. See Tennis v. State, 84 So.3d 328 (Fla. 4th DCA 2012).
He subsequently filed this rule 3.850 motion again alleging his agreement was involuntarily entered. The trial court treated this as a successive rule 3.850 motion and denied relief. We affirm for different reasons.
“No Florida rule of criminal procedure directly controls a post-conviction sentencing bargain.” Leach v. State, 914 So.2d 519, 522 (Fla. 4th DCA 2005); see also Stahl v. State, 972 So.2d 1013, 1015 (Fla. 2d DCA 2008). We analogize a motion to withdraw from a sentencing bargain to a motion to withdraw from a plea. Leach, 914 So.2d at 523. As a result, in determining whether there is a reasonable probability appellant would not have entered the agreement, we consider the totality of the circumstances, including the likelihood of success on direct appeal if he had not waived his appellate rights. See Grosvenor v. State, 874 So.2d 1176, 1181-82 (Fla.2004).
Here, Tennis failed to establish a reasonable probability that he would not have entered this postconviction sentencing agreement. Contrary to the claims in the instant motion, Tennis alleged in his 3.170(£) motion that he entered an agreement with the State in part out of fear of being put to death. The alleged misadvice he received from counsel about the substantive offense did not affect an issue that could be raised on appeal. The other alie- *295 gations in this rule 3.850 motion do not show that Tennis’ trial was unfair or that the grounds he wanted to raise had any likelihood of succeeding on direct appeal. As a result, he has not shown that his decision to waive his appellate and post-conviction rights in exchange for a life sentence was involuntary.

Affirmed.

GROSS, GERBER and CONNER, JJ., concur.