People v Jackson (2019 NY Slip Op 03989)





People v Jackson


2019 NY Slip Op 03989


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-05776
 (Ind. No. 335/12)

[*1]The People of the State of New York, respondent,
v
Tyrell Jackson, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered February 9, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree based upon allegations that he injured one person and killed another person by shooting them. Following a jury trial, the defendant was found guilty only of criminal possession of a weapon in the second degree, after the jury could not reach a verdict on the murder and attempted murder counts. Rather than face a retrial on those counts, the defendant pleaded guilty to the lesser offense of manslaughter in the first degree, in full satisfaction of the remainder of the indictment. In exchange for both the reduction in the second degree and attempted murder charges to manslaughter in the first degree and a promise that the sentence imposed upon the conviction for manslaughter would be a determinate term of imprisonment of 15 years and would run concurrently with the sentence imposed upon the conviction of criminal possession of a weapon in the second degree, the defendant waived his right to appeal with respect to the trial verdict, the plea conviction, and the sentence.
Contrary to the defendant's contention, the record demonstrates that his waivers of the right to appeal were entered into knowingly, voluntarily, and intelligently (see People v Lopez, 6 NY3d 248, 255-256; People v Holman, 89 NY2d 876, 878; People v Seaberg, 74 NY2d 1, 11; People v Rodriguez, 78 AD3d 1204; People v Lee, 50 AD3d 702). The defendant's valid waivers of the right to appeal preclude appellate review of the issues he currently raises (see People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court