OPINION OF THE COURT
Simons, J.
These appeals question whether criminal defendants may waive their rights to appeal as part of a negotiated sentence or plea bargain. In People v Smith, defendant waived his right to appeal as part of a bargained plea entered before trial. In People v Seaberg, defendant waived his right to appeal a judgment entered on a jury verdict in exchange for a favorable sentence. Defendants maintain that such waivers are invalid per se. Defendant Seaberg also contends that even if such waivers are valid, his should not be enforced because it was involuntary. We hold that the right to appeal may be waived as a condition of a sentence or plea bargain and that defendants did so in the cases before us. Accordingly, we affirm the orders of the Appellate Division.

People v Smith

Defendant Smith was charged with several crimes in two *6 separate indictments. The first indictment charged him with the crimes of assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second and third degrees. The second charged him with first degree robbery and grand larceny in the third degree. Before trial, defendant agreed to plead guilty to robbery in the first degree and attempted criminal possession of a weapon in the second degree in satisfaction of all charges and in exchange for consecutive sentences of 2Vi to IV2 years for the robbery charge and 1 to 3 years for the weapons charge. As part of the bargain, he agreed to waive his right to appeal and judgment was entered as agreed upon. Notwithstanding the waiver, defendant appealed and asserted that his sentence was excessive. The Appellate Division dismissed the appeal.

People v Seaberg

Defendant Seaberg was indicted for two counts of operating a motor vehicle while under the influence of alcohol, as felonies (see, Vehicle and Traffic Law [former] § 1192 [5] [now § 1193 (1) (c)]). The first count of the indictment charged him with operation of a vehicle while he had a blood alcohol content (BAG) of .1 or more (Vehicle and Traffic Law § 1192 [2]) and the second with operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law § 1192 [3]). The evidence at trial established that defendant’s BAG shortly after arrest was .19%. The jury found defendant guilty of the felony under count 1 of the indictment, and of the lesser included offense of driving while impaired under count 2. At time of sentence the prosecution, noting defendant’s four prior alcohol-related driving convictions, recommended that he be given an indeterminate sentence of 1 to 3 years’ incarceration. At defendant’s request, however, the proceedings were adjourned to determine his eligibility for a rehabilitation program. After defendant was found eligible, the prosecutor, defense counsel and court agreed upon an arrangement whereby the sentence imposed would be a $500 fine and a conditional discharge. The sentence was conditioned upon defendant successfully completing the rehabilitation program. If he failed to do so, he was to receive a sentence of one-year imprisonment. In exchange for this sentence, defendant agreed to waive his right to appeal. Notwithstanding the waiver, defendant subsequently appealed and asserted several trial errors which he claimed warranted reversal. The Appellate Division dismissed the appeal.
*7 Plea bargaining is now established as a vital part of our criminal justice system. Indeed, as we recognized years ago, the volume of criminal prosecutions is so great that if full trials were required in each case New York’s law enforcement system would collapse (see, People v Selikoff, 35 NY2d 227, 233, cert denied 419 US 1122). Certainly nothing has happened since then to cause us to change that observation. The judicial acceptance of plea bargaining, however, rests upon broader policy considerations. In addition to permitting a substantial conservation of prosecutorial and judicial resources, it provides a means where, by mutual concessions, the parties may obtain a prompt resolution of criminal proceedings with all the benefits that enure from final disposition. The plea bargain, or negotiated sentence, enables the parties to avoid the delay and uncertainties of trial and appeal and permits swift and certain punishment of law violators with sentences tailored to the circumstances of the case at hand (see generally, Santobello v New York, 404 US 257, 261; People v Selikoff, 35 NY2d 227, 233-235, supra). The pleading process necessarily includes the surrender of many guaranteed rights but when there is no constitutional or statutory mandate and no public policy prohibiting it, an accused may waive any right which he or she enjoys (Schick v United States, 195 US 65, 72).
In New York the right to an initial appeal is provided by statute (see, CPL 450.10; see, People v De Jesus, 54 NY2d 447, 449; Matter of State of New York v King, 36 NY2d 59, 63; cf., People v Pollenz, 67 NY2d 264). While important, it is no more fundamental than the right to a jury trial or the privilege against self-incrimination, and courts uniformly recognize waivers of those rights. Moreover, as a practical matter, defendants frequently lose their right to appeal, by forfeit, when they fail to exercise it or abscond. The question is whether something inheres in a defendant’s right to appeal from a judgment of conviction which makes an express waiver of it an unacceptable condition of a sentence or plea bargain.
We have not directly passed on the issue, but we have enforced a waiver of the right to appeal a suppression ruling (People v Williams, 36 NY2d 829, cert denied 423 US 873; and see, People v Esajerre, 35 NY2d 463; People v Irizarry, 32 AD2d 967, affd 27 NY2d 856; People v Stephens, 52 NY 306), and we have indicated that the right to appeal a sentence may be waived (see, People v Thompson, 60 NY2d 513, 520). Those views are consistent with the statements contained in our *8 forfeiture decisions that bargains fairly made should signal an end to litigation, not a beginning (see, e.g., People v Prescott, 66 NY2d 216, 220, cert denied 475 US 1150; People v Taylor, 65 NY2d 1, 5; People v Lynn, 28 NY2d 196, 202). They are also consistent with the decisions in a majority of jurisdictions which sustain such waivers.* These authorities suggest that there is no affirmative public policy to be served in fostering appeals or prohibiting their waiver. To the contrary, the final and prompt conclusion of litigation is an important goal of public policy in criminal as well as civil litigation, provided always that the settlement is fair, free from oppressiveness, and sensitive to the interests of both the accused and the People.
Defendants, because of the circumstances of their cases, have asserted somewhat different reasons for contending that waivers are invalid per se. Both recognize that a defendant, by pleading guilty, forfeits the right to challenge the underlying conviction and loses many privileges and protections granted defendants by courts (see, e.g., People v Harris, 61 NY2d 9). Defendant Smith contends, however, that negotiated sentences should be subject to appellate review to protect both the interests of defendants and the interests of society. He asserts that defendants must be protected from misconduct and coercion in the pleading process and ensured fairness in sentencing. These arguments overlook the role of the trial court and its obligation to insure the reasonableness of the bargain struck and of the sentence imposed (see, People v Farrar, 52 NY2d 302, 306; People v McConnell, 49 NY2d 340, 346; People v Selikoff, 35 NY2d 227, 238-240, supra) and the availability of collateral proceedings to review infirmities in the plea bargain which may not appear on the record. Nor are defendants victims of "situational coercion”, compelled to execute waivers as a condition of the plea (see, People v Williams, supra, at 830). Nothing requires a defendant to seek a plea bargain and *9 there is nothing coercive in leaving with the defendant the option to accept or reject a bargain if one is offered.
Defendant Smith contends further that these are matters in which the interests of society transcend the individual concerns of the defendant and, because they do, the waivers should not be enforced. He cites, as illustrative, speedy trial claims, which may not be waived. Society has a recognized interest in speedy trials because trial delay may result in the loss of evidence or an accused’s inability to respond to criminal charges, thereby compelling innocent persons to plead guilty out of necessity. Because of this societal interest, a defendant may not waive such claims (see, People v Blakley, 34 NY2d 311, 314-315; see also, Barker v Wingo, 407 US 514, 519). Similarly, a defendant may not waive the right to challenge the legality of a sentence (see, People v Francabandera, 33 NY2d 429, 434, n 2) or his competency to stand trial (People v Armlin, 37 NY2d 167, 172). These rights are recognized as a matter of fairness to the accused but they also embrace the reality of fairness in the process itself and, therefore, a defendant may not waive them. The right to appeal a validly imposed sentence does not similarly implicate society’s interest in the integrity of criminal process, however, and to the extent that it does, that interest is protected by the procedural and substantive requirements imposed on the Trial Judge before the defendant may be sentenced (see, People v Farrar, supra, at 306; People v McConnell, supra, at 346; People v Selikoff, supra, at 238-240).
Nor do we find merit to defendant’s contention that waivers should not be valid because in plea or sentence bargains the only matter before the appellate court is the excessiveness of sentence and review helps avoid disparity in sentencing while imposing little burden on the system. Whatever benefits review may provide, they are not sufficiently compelling to warrant permitting a defendant to repudiate an agreement of an individualized sentence knowingly and voluntarily accepted.
Finally, such waivers do not interfere with the interest of justice jurisdiction of the Appellate Division (see, People v Bourne, 139 AD2d 210, lv denied 72 NY2d 955). The analogy is to People v Pollenz (supra) which involved a legislative attempt to limit the Appellate Division’s jurisdiction. A defendant’s decision to waive appeal does not interfere with the court’s jurisdiction, however; it is simply a decision not to *10 invoke the court’s review power. By pleading guilty a defendant forecloses the appellate court from reviewing the merits of the plea bargain in the interest of justice and there is nothing inherently wrong in a defendant similarly electing to foreclose review of a negotiated sentence.
Defendant Seaberg advances other grounds for reversal. He contends that his plea after trial is significantly different because defendant Smith, and others like him who have accepted a plea bargain, have admitted guilt whereas he has professed his innocence throughout the trial. Thus, he claims that the public policy reasons for upholding the waiver in plea bargains generally do not apply to him with equal force. We see no basis for distinguishing the two situations (accord, Cubbage v State, 304 Md 237, 498 A2d 632). The courts commonly enforce the waiver of rights, even though the defendant has not admitted guilt (see, e.g., Schick v United States, 195 US 65, 72, supra [trial by jury]; Miranda v Arizona, 384 US 436, 444 [privilege against self-incrimination]; People v McIntyre, 36 NY2d 10, 17 [right to counsel]), and defendant’s appreciation of the value of the right to appeal is far more refined after guilt or innocence has been decided by trial than before.
We conclude that the public interest concerns underlying plea bargains generally are served by enforcing waivers of the right to appeal. Indeed, such waivers advance that interest, for the State’s legitimate interest in finality extends to the sentence itself and to holding defendants to bargains they have made. While a defendant always retains the right to challenge the legality of the sentence or the voluntariness of the plea (see, People v Francabandera, 33 NY2d 434, n 2, supra), the negotiating process serves little purpose if the terms of "a carefully orchestrated bargain” can subsequently be challenged (see, People v Prescott, 66 NY2d 216, 220, supra). Moreover, the People need not particularize "some legitimate State interest” to justify conditioning a plea bargain on defendant’s waiver of the right to appeal (see, People v Ventura, 139 AD2d 196, 203). The validity of the waiver is supported by the interests supporting plea bargains generally. Accordingly, we find no public policy precluding defendants from waiving their rights to appeal as a condition of the plea and sentence bargains and the Appellate Division correctly dismissed defendant Smith’s appeal.
Turning to defendant Seaberg’s appeal, tie asserts that *11 even if waivers are generally valid, the bargain in his case was not legally enforceable. There is support in the record for the Appellate Division’s contrary finding, however, and we therefore affirm its order.
A waiver, to be enforceable, must not only be voluntary but also knowing and intelligent. The trial court determines that it meets those requirements by considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused (see, Johnson v Zerbst, 304 US 458, 464; People v Selikoff, 35 NY2d 227, 235, supra; see also, CPL 220.10 [3], [4]). Moreover, in overseeing the process, the court must also consider the reasonableness and the appropriateness of the bargain (see, Santobello v New York, 404 US 257, 262, supra; Brady v United States, 397 US 742, 748-749; People v Farrar, 52 NY2d 302, 306, supra) and its effect on "the integrity of the criminal justice system” before accepting it (People v McConnell, 49 NY2d 340, 346, supra). Manifestly, an unfair bargain or one coerced to conceal error or misconduct does not meet these standards and is subject to vacatur on direct appeal or by appropriate posttrial proceedings. As with plea and sentence bargains generally, prudence suggests that the terms and conditions of the agreement and the defendant’s understanding of them, be placed upon the record to facilitate appellate review (see, People v Selikoff, supra, at 244).
In this case, defendant Seaberg did not personally enter into the court’s colloquy with his lawyer when the details of the bargain were stated. The court should have required him to state his understanding and acceptance of them. Nevertheless, there is ample evidence in the record supporting the Appellate Division’s conclusion that defendant agreed to the bargain and did so voluntarily with a full appreciation of the consequences. Defendant was present at the bench during the court’s colloquy with the prosecutor and defense counsel and heard the entire discussion. Moreover, defendant, through his lawyer, initiated the investigation to determine his eligibility for the treatment program and the matter was adjourned for a period of seven months between the verdict and sentencing for that purpose. The prosecutor, understandably in view of defendant’s prior record, originally opposed a sentence of conditional discharge but reluctantly agreed to it with a fine, conditioned upon defendant completing the treatment program or, upon his failure to do so, being incarcerated for one *12 year. Because of the extended delay, defendant had time to consider this sentence, discuss it with his lawyer and reflect upon the alternatives. Moreover, the terms were highly favorable to him; he received the benefit of a rehabilitative sentence which not only offered him treatment rather than a jail sentence but was substantially less than the offer originally proposed by the prosecution. In addition, the court agreed to grant a certificate of relief from disabilities which conferred several benefits on defendant including, most importantly, the ability to retain contracts awarded his business by the Federal Government. After the bargain was agreed upon, defense counsel informed the court that his client "wholeheartedly” embraced it and before sentence was imposed defendant expressed his gratitude to the court for the favorable treatment, his "sincere” desire to abide by the rules set forth in the proposed sentence and his intention to face up to his drinking problem. There can be little doubt that the bargain was reasonable, that defendant knew and understood the terms of it and that he willingly accepted them.
Accordingly, the order of the Appellate Division should be affirmed in each case.
Chief Judge Wachtler and Judges Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
In each case: Order affirmed.

 State v Perkins, 108 Wash 2d 212, 737 P2d 250; Cubbage v State, 304 Md 237, 246-248, 498 A2d 632; Staton v Warden, 175 Conn 328, 334-335, 398 A2d 1176; Weatherford v Commonwealth, 703 SW2d 882 [Ky]; State v McKinney, 406 So 2d 160 [La]; Judy v State, 275 Ind 145, 416 NE2d 95; Gwin v State, 456 So 2d 845, 848-849 [Ala Crim App 1984]; People v Fearing, 110 Ill App 3d 643, 644-645, 442 NE2d 939; People v Charles, 171 Cal App 3d 552, 563, 217 Cal Rptr 402; State ex rel. Adams v Norvell, 1 Tenn Crim App 648, 448 SW2d 454; but see, State v Ethington, 121 Ariz 572, 573-574, 592 P2d 768; People v Butler, 43 Mich App 270, 275, 204 NW2d 325; see also, State v Gibson, 68 NJ 499, 348 A2d 769; see generally, Annotation, Plea Agreement —Waiver of Right to Appeal, 89 ALR3d 864.