■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNICE HARDEE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, Jr., J.), rendered April 26, 1991, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that she was improperly adjudicated a second felony offender because her 1989 robbery conviction, rendered upon her plea of guilty, was unconstitutionally obtained. The defendant contends that the court should have made a more searching inquiry into her claim of innocence prior to imposing sentence. The court in the instant case held a hearing on the defendant's claim. At that hearing, it was established that at her 1989 plea allocution, the defendant "admitted that she was a full participant in that particular robbery". However, in her presentence report, she told the reporter that she was innocent. At sentencing on her robbery conviction, the court asked the defendant which version of events was true and she replied that the version she gave in court was the truth. Since the defendant clearly stated that her 1989 plea allocution was accurate, it was not necessary for the court to conduct a further inquiry. Accordingly, the defendant's prior robbery conviction was properly obtained and was properly used as the basis for her second felony offender status. Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HARRY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered April 12, 1991.

Ordered that the appeal is dismissed (see, People v Seaberg, 74 NY2d 1). Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, JJ., concur.