■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY McGEE, Respondent.—Appeal by the People, as limited by their motion, from two resentences of the Supreme Court, Queens County (Browne, J.), both imposed October 31, 1991, upon the defendant's conviction of criminal sale of a controlled substance in the third degree under Indictment No. 11196/89, and criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree under Indictment No. 11384/89, the resentences being time served and five years probation to cover both indictments.

Ordered that the resentences are reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The People argue, and the defendant concedes, that the resentences imposed were illegal, since the minimum sentence for a Class B felony is an indeterminate term of 1 to 3 years. As both criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree are class B felonies, the matter must be remitted for resentencing. Mangano, P. J., Bracken, Lawrence, Copertino and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD McNAMARA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 10, 1991.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Thompson, J. P., Lawrence, Miller, O'Brien and Ritter, concur.