■ In the Matter of M. ISMAIL SLOAN, Petitioner, v BRUCE M. KAPLAN et al., Respondents.—Application for a writ of mandamus transferred to Supreme Court, New York County for hearing and determination, without costs and without disbursements, and the cross-motion is granted solely to the extent of granting the change of venue to the Supreme Court. No opinion. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.

■

(October 6, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRYSTAL SCOTT, Appellant.—Appeal from judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered on or about April 17, 1990, unanimously dismissed *(see, People v Seaberg,* 74 NY2d 1). No opinion. Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR BARRIOS, Appellant.—Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on January 22, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree and sentencing him to four years to life in prison, unanimously affirmed.

We find no basis to set aside defendant's plea. No motion to suppress evidence was made in Supreme Court and the facts now alleged by defendant, i.e., that he was arrested in the home of his friend without a warrant, present no basis for concluding that counsel's failure to make such a motion constituted ineffective assistance of counsel. Defendant's bare allegation that unidentified *Brady* materials were withheld is insufficient to invoke further inquiry. As defendant pled guilty, he was not entitled to *Rosario* disclosure. The record reveals that an interpreter was present at defendant's arraignment. Finally, the record demonstrates that defendant was afforded vigorous and effective representation. Concur—Carro, J. P., Milonas, Rosenberger and Ellerin, JJ.