■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE ELLIOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 11, 1991, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal is dismissed.

We are unpersuaded by the defendant's argument that he did not knowingly waive his right to appeal. The record indicates that the defendant, who has a lengthy criminal record and is therefore presumably knowledgeable about the criminal justice system, affirmed his understanding of the consequences of the waiver of his right to make posttrial motions and to appeal, which was made in return for a reduced sentence *(see, People v Seaberg,* 74 NY2d 1). Since the maximum terms of imprisonment of the sentence imposed were approximately one-half the maximum terms which could have been imposed for the crimes of which the defendant was convicted, it cannot be said that the sentence was unfavorable,

particularly in light of the fact that the defendant absconded after trial, and was not sentenced until almost six years later *(see, People v Vasser,* 177 AD2d 729, 730). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.