■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KULZER, Appellant. [605 NYS2d 505] —Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 5, 1992, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

In full satisfaction of an indictment which charged defendant with attempted murder in the second degree and assault in the first degree (two counts), defendant negotiated a plea bargain to attempted murder in the second degree with a prison sentence of 6 to 18 years and a waiver of his right to appeal. When the plea bargain was being placed on the record, defendant stated that he might want to go to trial. County Court thereupon discussed at length the defense of extreme emotional disturbance and an assessment of the People's case. Defense counsel requested a recess to discuss the matter further with his client. Following this discussion, defense counsel stated that his client wished to proceed with the plea agreement. During the plea allocution, defendant initially stated that he never intended to kill his wife, who was the victim of the crimes charged in the indictment. He then changed his mind and admitted that he said he intended to kill his wife. Defendant was read the text of his waiver of appeal and stated that he was willingly giving up his rights and was pleading guilty to attempted murder in the second degree. When the allocution was concluded, defendant received the promised sentence.

On this appeal, defendant now claims that County Court failed in its duty of further inquiry when defendant's statement at the plea allocution raised substantial issues as to his guilt of the crime to which he pleaded. Viewing defendant's contention as an attack on the voluntariness of his plea, which has not been waived (see, People v Seaberg, 74 NY2d 1, 10; People v Francabandera, 33 NY2d 429, 434, n 2) and which may be raised on direct appeal (see, People v Lopez, 71 NY2d 662, 666), we conclude that the plea minutes here clearly demonstrate that County Court did not accept the plea upon a questionably sufficient allocution (see, People v Lopez, supra, at 667). The minutes reveal that defendant understood the defense of severe emotional disturbance and concluded that it

was not a viable defense to his conduct. He admitted committing all the elements of the crime to which he was pleading, and his plea was knowingly and voluntarily entered. The plea was, in the circumstances, favorable to his interests. Inasmuch as defendant expressly waived any further challenge to the plea and its effect, the judgment of conviction should be affirmed.

Mercure, J. P., Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.