THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLFO VALDEZ, Appellant. [639 NYS2d 807]

504

Defendant knowingly, intelligently and voluntarily waived his right to appeal the sentence (*People v Seaberg*, 74 NY2d 1, 11; *People v Cooks*, 135 AD2d 455, *lv denied* 71 NY2d 894), and accordingly we affirm. In any event, were we to reach the merits, we would reject defendant's argument that he should have received the same sentence as his codefendant. The sentencing court obviously intended to achieve that goal. It sentenced the codefendant, a second felony offender, to 8¹/₃ to 16²/₃ years, and defendant, a first felony offender, to 8¹/₃ to 25 years. It was within the court's discretion to deem the minimum period to have more practical significance than the maximum term, and to impose sentences that were identical with respect to parole eligibility. We also note that defendant received precisely the sentence he bargained for. Concur—Milonas, J. P., Ellerin, Wallach, Nardelli and Mazzarelli, JJ.