■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VASQUEZ, Appellant. [714 NYS2d 55] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered December 15, 1997, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The record establishes that defendant received meaningful representation throughout the proceedings (see, People v Ford, 86 NY2d 397, 404; see also, People v Benevento, 91 NY2d 708,

713-714). When, at sentencing, defendant made a vague expression of discontent with his plea and his representation by counsel, the court properly advised defendant to consult with counsel and decide whether or not he wished to make a motion to withdraw the plea, whereupon defendant immediately agreed to go forward with sentencing. On appeal, defendant claims that he was denied effective assistance because his counsel would have been in no position to make a plea withdrawal motion asserting his own ineffectiveness, and that new counsel should have been assigned. However, we conclude that assignment of new counsel was clearly unnecessary at that juncture, where there was not even any motion before the court, and that the court did nothing to prevent defendant from making such a motion. The record also establishes that such a motion would have been groundless in any event. We have considered and rejected defendant's remaining arguments. ·

Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim (*People v Seaberg*, 74 NY2d 1, 9-10). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.