■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENARD MULLINS, Appellant. [785 NYS2d 910]—

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J., at plea; John Collins, J., at sentence), rendered January 8, 2004, convicting defendant of criminal sale of a controlled substance in the fourth degree, and sentencing him to a term of 2 to 6 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed. Judgment same court and Justices, rendered January 8, 2004, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him to a concurrent term of 2 to 6 years, unanimously modified, on the law, to the extent of amending the sentence and commitment sheet to reflect that defendant was convicted of sale in the fifth rather than the fourth degree, and otherwise affirmed.

With respect to indictment number 6165/02, as the People concede, since the crime was committed before the effective date of the legislation (Penal Law § 60.35 [1] [e]) providing for the imposition of a DNA databank fee, that fee should not have been imposed (see *People v Taylor*, 10 AD3d 559 [2004]). Since this issue involves the substantive legality of the sentence, it survives defendant's waiver of his right to appeal.

With respect to indictment number 4606/03, as the People concede, the sentence and commitment sheet should be

amended to reflect that defendant was convicted of criminal sale of a controlled substance in the fifth degree (*see People v Reynolds*, 268 AD2d 384 [2000]).

Defendant made a valid waiver of his right to appeal, which precludes our interest of justice review of his excessive sentence claim (*People v Seaberg*, 74 NY2d 1, 9-10 [1989]). In any event, were we to find that defendant did not make a valid waiver, we would perceive no basis for reducing the sentences. Concur— Williams, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.