■ HANOVER SQUARE ANTIQUES, LTD., Doing Business as HANOVER SQUARE GALLERY, Appellant, v DENNIS R. INSALACO et al., Respondents. [791 NYS2d 545]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 2, 2004, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The claims for breach of warranty and fraud were untimely (UCC 2-725 [1]), since plaintiff commenced this action more than four years after the sale of the painting, when the causes accrued. Moreover, the contract did not fall within the future performance exception of UCC 2-725 (2), since there was no express warranty of future performance in the invoice of sale (*Rosen v Spanierman*, 894 F2d 28 [2d Cir 1990]). Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRO LOPEZ, Appellant. [791 NYS2d 111]—Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered January 5, 2004, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Defendant's valid waiver of his right to appeal encompassed his excessive sentence claim and thus forecloses interest of justice review (*People v Seaberg*, 74 NY2d 1, 9-10 [1989]). In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence.

As the People concede, since the crime was committed before the effective date of the legislation (Penal Law § 60.35 [1] [e]) providing for imposition of a DNA databank fee, that fee should not have been imposed. Since this issue involves the substantive illegality of the sentence, it survives defendant's waiver of his right to appeal. Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.