■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THOMPSON, Appellant. [881 NYS2d 310]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 30, 2000 (*People v Thompson*, 276 AD2d 811 [2000]), affirming a judgment of the Supreme Court, Kings County, rendered June 2, 1998.

Appeal by the defendant from two judgments of the Supreme Court, Nassau County (Donnino, J.), both rendered May 7, 2008,

convicting him of criminal possession of a weapon in the second degree (two counts, one as to each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's waiver of his right to appeal was knowing and voluntary (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Seaberg,* 74 NY2d 1 [1989]). To the extent that the defendant bases his claim that his plea was involuntary on the alleged ineffectiveness of his former counsel's representation, his claim is without merit. Former counsel's representation of the defendant at a pretrial hearing did not affect the voluntariness of his plea, which was entered two months later on the advice of newly-retained counsel (*see People v Howard,* 1 AD3d 718, 719 [2003]). The defendant's contention that the second attorney rendered ineffective assistance is also without merit. That attorney "negotiated an advantageous plea agreement that substantially limited the defendant's exposure to imprisonment" (*People v Mobley,* 221 AD2d 376 [1995]).

Upon our review of the record, including the defendant's statement during the plea colloquy that he was satisfied with his attorney's representation, we find nothing that casts doubt upon the effectiveness of counsel who represented him at the time of his plea.

The defendant's contention that the sentences imposed were excessive is encompassed by his waiver of the right to appeal (*see People v Lopez,* 6 NY3d at 256). Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.