Rivera, J.
(dissenting). For the reasons set forth in the dissent below, I would find defendant’s waiver invalid under our prior precedent and, accordingly, I would remit the matter to the Appellate Division for consideration of the merits of his suppression claim. I write separately to briefly address the majority’s treatment of two significant issues.
First, the majority concludes “[t]here is no meaningful distinction” between the plea colloquy challenged on this appeal and the colloquy this Court found sufficient in People v Nicholson (see majority op at 341). However, the majority acknowledges the trial court here could have “define [d] the nature of the right to appeal more fully — as the court did in Nicholson” (id. at 342). Nevertheless, the majority concludes that defendant’s plea colloquy, with its reference to waiver of an appeal from his “conviction and sentence to the Appellate Division Second Department,” is legally sufficient because of *343 defendant’s “background [and] extensive experience with the criminal justice system” {id. at 342).
I disagree with the majority’s suggestion that a defendant’s prior criminal record alone can cure a deficient plea allocution. While defendant’s age, experience and background are factors to be considered in determining whether defendant’s waiver is knowing and intelligent (see People v Seaberg, 74 NY2d 1, 11 [1989]), we have never before held that a defendant’s criminal history, regardless of its length, is dispositive of the defendant’s understanding of the plea. A defendant’s criminal background history is but one factor and cannot fill in the gaps when the colloquy fails to properly apprise a defendant of the rights abandoned by entering a plea agreement {see id. [the court must determine “all the relevant facts and circumstances surrounding the waiver”]). Nor can the defendant’s record absolve a court from its responsibility to ascertain that defendant understands the nature of the rights waived (see People v Lopez, 6 NY3d 248, 256 [2006]). Otherwise, taken to its logical conclusion, in cases involving a defendant with a prior record, the majority’s approach would negate the need for the type of “fuller colloquy” this Court sanctioned in Nicholson, indeed the need for any colloquy. Certainly our precedent neither permits nor intends such outcome.
This is not to say a defendant’s prior background is irrelevant; we have expressly stated otherwise (see Seaberg, 74 NY2d at 11). However, the extent to which the defendant’s criminal history is a relevant factor regarding the defendant’s understanding of the specifics of the plea and the rights waived depends, for example, on whether a defendant has previously entered a plea waiving rights to appeal, signed a written waiver of such rights, and actually gone through an appellate process. That information is simply lacking in the record before us. As observed by the dissent below, the record fails to establish what defendant understands of his right to appeal based on his prior experiences (see People v Sanders, 112 AD3d 748, 753 [2d Dept 2013, Hall, J., dissenting] [“Indeed, whatever information the defendant was, or was not, provided with regard to his right to appeal in those prior criminal proceedings is not in this record. As a result, this Court is forced to speculate that the defendant gained an understanding of the nature of his right to appeal from his prior contacts with the criminal justice system”]).
Second, as a point of clarification, and like the majority, I too find “troubling]” a trial court’s delegation of the plea allocution *344 to the prosecutor (see majority op at 339 n 1). As the majority correctly states, under this Court’s precedent “the plea allocution is ‘best left to the discretion of the court’ ” (see id., citing People v Nixon, 21 NY2d 338, 353 [1967], cert denied sub nom. Robinson v New York, 393 US 1067 [1969]; see also Lopez, 6 NY3d at 256 [stating a trial court “must make certain that a defendant’s understanding of the terms and conditions of a plea agreement is evident on the face of the record”], citing People v Callahan, 80 NY2d 273, 280 [1992]).
Chief Judge Lippman and Judges Read, Pigott, AbdusSalaam and Fahey concur; Judge Rivera dissents in an opinion.
Order affirmed.