People v Adames (2019 NY Slip Op 04962)





People v Adames


2019 NY Slip Op 04962


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-07720
2018-07721
 (Ind. No. 443/17, 929/17)

[*1]The People of the State of New York, respondent,
v
Reinardo Adames, also known as Tito, appellant.


Matthew Muraskin, Port Jefferson, NY, for appellant.
Madeline Singas, Mineola, NY (Kevin C. King and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Robert A. Schwartz, J.), both rendered August 17, 2017, convicting him of attempted operating as a major trafficker under Indictment No. 443/17, and criminal possession of a controlled substance in the second degree under Indictment No. 929/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not knowing, voluntary, and intelligent is unpreserved for appellate review, as the defendant did not move to withdraw his pleas or otherwise raise this issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665-666). In any event, the record demonstrates that the defendant's pleas were entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543; People v Harris, 61 NY2d 9, 16-17).
Since the only substantive argument raised on the defendant's appeals concerns the voluntariness of his pleas, which claim survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10), we need not reach the People's contention regarding the validity of the defendant's appeal waiver (see People v Henriquez, 168 AD3d 876; People v Bernard, 155 AD3d 1059).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court