People v Mena (2019 NY Slip Op 05155)





People v Mena


2019 NY Slip Op 05155


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-08055

[*1]The People of the State of New York, respondent,
v
Franklyn Mena, appellant. (S.C.I. No. 2891/15)


Janet E. Sabel, New York, NY (Adrienne M. Gantt of counsel; Daniel K. Phillips on the memorandum), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Joseph A. Zayas, J.), imposed July 7, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid and, therefore, does not preclude appellate review of his contention that the sentence imposed was excessive. The record reflects that the defendant executed a written appeal waiver form prior to the Supreme Court explaining the meaning of the right to appeal and the implication of waiving that right. However, the court did not ascertain on the record whether the defendant had actually read the waiver (see People v Mendoza, 169 AD3d 717; People v Diasia F., 164 AD3d 913, 914). Furthermore, in light of the defendant's young age and lack of prior experience with the criminal justice system, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Seaberg, 74 NY2d 1, 11).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court