People v Romelo P. (2019 NY Slip Op 07420)





People v Romelo P.


2019 NY Slip Op 07420


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-12701
 (Ind. No. 2711/15)

[*1]The People of the State of New York, respondent,
v
Romelo P. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni Piplani of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Joseph A. Zayas, J.), imposed November 1, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant pleaded guilty to robbery in the first degree. He was adjudicated a youthful offender and sentenced to a period of probation. On appeal, the defendant contends that his sentence was excessive. The People counter, among other things, that the defendant's contention is precluded by his appeal waiver.
A waiver of the right to appeal is effective if the record demonstrates that it was made knowingly, intelligently, and voluntarily (see People v Lopez, 6 NY3d 248, 256). Here, the defendant's purported waiver of his right to appeal was invalid and, therefore, does not preclude appellate review of his excessive sentence claim (see People v Bradshaw, 18 NY3d 257, 265; People v Mendoza, 169 AD3d 717; People v Diasia F., 164 AD3d 913, 914). In particular, although the record on appeal reflects that the defendant executed a written appeal waiver form, the Supreme Court did not ascertain on the record whether the defendant had actually read the waiver (see People v Mendoza, 169 AD3d 717; People v Diasia F., 164 AD3d at 914). Further, in light of the defendant's young age and inexperience with the criminal justice system, the relatively terse and confusing oral colloquy was insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Seaberg, 74 NY2d 1, 11; People v Mendoza, 169 AD3d 717; People v Diasia F., 164 AD3d at 914).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court