People v Gions (2019 NY Slip Op 08214)





People v Gions


2019 NY Slip Op 08214


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-07083

[*1]The People of the State of New York, respondent,
v
Dion Gions, appellant. (S.C.I. No. 893/18)


Janet E. Sabel, New York, NY (Antonio Villaamil of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Eddie Cando on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Joseph A. Zayas, J., at plea; Peter F. Vallone, Jr., J., at sentence), imposed May 11, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid and, therefore, does not preclude appellate review of his contention that the sentence imposed was excessive. The record reflects that the defendant executed a written appeal waiver form prior to the Supreme Court explaining the meaning of the right to appeal and the implication of waiving that right. However, the court did not ascertain on the record whether the defendant had actually read the waiver (see People v Mena, 173 AD3d 1217; People v Mendoza, 169 AD3d 717; People v Diasia F., 164 AD3d 913). Furthermore, in light of the defendant's young age and lack of prior experience with the criminal justice system, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Seaberg, 74 NY2d 1, 11).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court