People v Hernandez (2024 NY Slip Op 00462)

People v Hernandez

2024 NY Slip Op 00462

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, O'Neill Levy, JJ. 

Ind. No. 168/19 Appeal No. 1574 Case No. 2022-03569 

[*1]The People of the State of New York, Respondent,
v
Rosemary Hernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha D. Michael, J.), rendered July 18, 2022, convicting defendant, upon her plea of guilty, of murder in the second degree, and sentencing her to a term of 10 years, with 5 years' postrelease supervision, unanimously affirmed.
Defendant made a valid waiver of her right to appeal (see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of her excessive sentence claim. The combination of the court's oral colloquy with defendant and the detailed written waiver that she signed after consultation with counsel satisfied the requirements of a valid waiver. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the legality of the postrelease supervision component of her sentence survives the appeal waiver (see People v Seaberg, 74 NY2d 1, 9 [1989]). Nevertheless, we reject it on the merits. The imposition of a term of postrelease supervision pursuant to Penal Law § 70.45 is not contrary to the legislative intent behind the Domestic Violence Survivors Justice Act to provide for less severe determinate sentences for victims of domestic violence convicted of certain felonies (Penal Law § 60.12).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024