People v Williams (2024 NY Slip Op 02601)

People v Williams

2024 NY Slip Op 02601

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Ind. No. 73540/22 Appeal No. 2243 Case No. 2023-02892 

[*1]The People of the State of New York, Respondent,
v
Edward Williams, Also Known as Edwin Williams, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered May 3, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]; see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). During the plea proceeding, the court elicited admissions of fact and guilt from defendant prior to explaining the trial rights that defendant was automatically forfeiting by pleading guilty and the waiver of the right to appeal. It would have been better practice for the court to discuss with defendant the trial rights that he was giving up and the waiver of his appellate rights before obtaining an admission of guilt. However, defendant knew that waiving his right to appeal was part of the plea bargain. The record establishes that defendant had "a full appreciation of the consequences" of the waiver and that the waiver was voluntary under the "totality of the circumstances" (Thomas, 34 NY3d at 559-560; People v Seaberg, 74 NY2d 1, 11 [1989]). The combination of the court's oral colloquy with defendant, the written waiver that defendant signed after consultation with counsel, defendant's experience with the criminal justice system and the favorable plea bargain he obtained establishes that defendant had been adequately apprised of the nature of the appellate rights being waived.
The valid waiver of the right to appeal forecloses review of defendant's suppression claim. Regardless of the validity of the waiver, upon our in camera review of the search warrant materials and the minutes of the search warrant application hearing, we conclude that there was probable cause for issuance of the search warrant (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]). The search warrant also described with sufficient particularity the premises to be searched and property to be seized, and satisfied the requirements of CPL 690.45.
Defendant's Second Amendment challenge to his conviction is likewise waived (see People v Johnson, 225 AD3d 453 [1st Dept 2024]). Moreover, the claim is not properly before us because defendant has not served upon the Attorney General notice of his constitutional challenge (see Executive Law § 71; People v Jones, 122 AD3d 549, 549-550 [1st Dept 2014], lv denied 25 NY3d 1166 [2015]). In any event, defendant has not established that he has standing to bring the claim, or that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 225 AD3d at 455).
The waiver of the right to appeal also forecloses review of defendant's excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024