People v Howard (2025 NY Slip Op 04020)

People v Howard

2025 NY Slip Op 04020

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-05333
2022-05334

[*1]The People of the State of New York, respondent,
v
Rahmel Howard, appellant. (Ind. Nos. 70510/21, 70521/21)

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (James Joseph Gandia and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Richmond County (Mario F. Mattei, J.), both imposed May 6, 2022, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. Contrary to the defendant's contention, the requirement that the defendant waive his right to appeal was not improperly extracted from the defendant by the Supreme Court, but, instead, was the result of negotiated plea agreements between the People and the defendant (see People v Sorino, 235 AD3d 782, 782; People v Mahoney, 226 AD3d 1050, 1051). Although it would have been better practice for the court to discuss with the defendant the waiver of his appellate rights before obtaining admissions of guilt (see People v Velazquez, 235 AD3d 664, 665; People v Downing, 233 AD3d 965, 965), here, the court mentioned that the appeal waivers were a condition of the plea agreements prior to the defendant's pleas of guilty and admissions of guilt (see People v Victor, 235 AD3d 783, 784). In addition, the court directed both of the defendant's attorneys to discuss the appeal waivers with him and, after a pause in the proceeding, only then did the court proceed with the allocutions. Moreover, the defendant acknowledged that, inter alia, he understood the appeal waivers and had discussed them with his attorneys. Contrary to the defendant's contention, under the circumstances presented, the court's delay in explaining the appeal waivers until after the defendant's factual allocutions of the crimes did not render the appeal waivers invalid (see People v Francois, 235 AD3d 657, 657; People v Downing, 233 AD3d at 966). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d 248, 253; People v Powell, 233 AD3d 898, 899).
CONNOLLY, J.P., WAN and GOLIA, JJ., concur.
WOOTEN, J., concurs in part and dissents in part, and votes to affirm the sentences, with the following memorandum:
I respectfully disagree with my colleagues in the majority that the defendant validly waived his right to appeal, since the Supreme Court did not discuss the purported appeal waivers until after the defendant had already admitted his guilt as part of the plea agreements (see People v Torres, 229 AD3d 469; People v Ford, 225 AD3d 894; People v Hernandez, 223 AD3d 751, 753; People v Lopez, 222 AD3d 1001). "While an appeal waiver is acceptable 'as a condition of the plea and sentence bargains'" (People v Sutton, 184 AD3d 236, 245, quoting People v Seaberg, 74 NY2d 1, 10), the defendant "receive[s] no material benefit from his appeal waiver" where, as here, the defendant had already admitted his guilt before the purported appeal waivers were addressed (id.).
Notably, some decisions of this Court have determined that a court's failure to discuss the waiver of appellate rights with the defendant before obtaining an admission of guilt did not invalidate the appeal waiver where the record reflected that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty (see People v Callejo, 237 AD3d 1218; People v White, 234 AD3d 884). However, where, as here, the Supreme Court made only a cursory statement prior to the plea allocutions that the defendant was "being asked to . . . waive his right to any appeal that he may have," without any explanation of the nature of the right to appeal or the consequences of an appeal waiver, there was no assurance that the defendant understood the nature of an appeal waiver and had a "'full appreciation of the consequences'" of such waiver (People v Bradshaw, 18 NY3d 257, 264, quoting People v Seaberg, 74 NY2d at 11). Absent such understanding, the court's mere mention of an appeal waiver would be meaningless, as under such circumstances, it cannot be presumed that the defendant was "aware" he was waiving his right to appeal by entering the plea agreement (People v Callejo, 237 AD3d at 1218 [emphasis added]). To hold otherwise would negate the very purpose of the thorough and detailed appeal waiver colloquy that was ultimately given following the plea allocutions, which is required "to ensure that defendants understand what they are surrendering when they waive the right to appeal," as "[g]iving up the right to appeal is not a perfunctory step" (People v Lopez, 6 NY3d 248, 256).
Moreover, here, the Supreme Court's cursory reference to the appeal waiver prior to the plea allocutions had a significant potential to cause confusion, since it was coupled with the court informing the defendant that he also was being asked to waive his right to additional discovery. In addition, the court did not obtain an acknowledgment from the defendant that the appeal waiver was a condition of the plea agreements prior to his admissions of guilt (cf. People v White, 234 AD3d at 884).
Although the Supreme Court stated prior to the plea allocutions that the defendant had to execute "some paperwork," and should not do so until after his attorneys "advise [him] of all [his] rights," including his right to additional discovery, the court did not specifically inquire as to whether the defendant's attorneys had discussed with him the right to appeal or the consequences of an appeal waiver until after the defendant had already admitted his guilt. Further, although the defendant executed written waivers of the right to appeal, the written waivers misrepresented that the defendant was executing the waivers "after having been advised by the Court of the nature of the rights being waived" (emphasis added), despite the fact that the court had not so advised the defendant as of the execution of the written waivers.
Accordingly, I conclude that the purported appeal waivers were invalid, and therefore, do not preclude appellate review of the defendant's excessive sentence claims (see People v Reyes, 227 AD3d 830, 831).
Nevertheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80), and I vote to affirm on that basis.
ENTER:
Darrell M. Joseph
Clerk of the Court