People v Morsellino (2025 NY Slip Op 04203)

People v Morsellino

2025 NY Slip Op 04203

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CR-23-1526
[*1]The People of the State of New York, Respondent,
v
Cassandra C. Morsellino, Appellant.

Calendar Date:May 29, 2025

Before:Garry, P.J., Clark, Lynch, Reynolds Fitzgerald and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Saratoga County (Robert Smith, J.), rendered December 23, 2022, convicting defendant upon her plea of guilty of the crime of attempted assault in the first degree.
In January 2022, following a shooting and stabbing incident perpetrated by defendant and her codefendant, defendant was charged in a 15-count indictment with various burglary, robbery, assault and weapon charges. Thereafter, pursuant to a negotiated disposition that was in full satisfaction of the indictment, defendant pleaded guilty to attempted assault in the first degree and purported to waive her right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of 6½ years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant's challenge to the voluntariness of her guilty plea is predicated upon her assertion that the waiver of her trial-related constitutional rights was not knowing, voluntary and intelligent given County Court's mistaken explanation that the jury "would all have to agree whether you are guilty or not guilty" (emphasis added). While correctly informing defendant that a verdict of guilty must be unanimous, the opposite is not so. Recognizing that this objection was not preserved, defendant requests that we vacate her plea in the interest of justice (see CPL 470.15 [3] [c]). We decline to do so.
Pertinent here, defendant confirmed for County Court that she had discussed "all of these trial-related rights that [she would] be waiving here today and the consequences of entering a guilty plea with [her] attorneys." The record otherwise establishes that defendant's guilty plea, which was the product of a negotiated disposition, was knowing, voluntary and intelligent (see People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v Seaberg, 74 NY2d 1, 11-12 [1989]).
Garry, P.J., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.