People v Searles (2026 NY Slip Op 00749)

People v Searles

2026 NY Slip Op 00749

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

991 KA 24-01070

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vSTEVEN SEARLES, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Caroline E. Morrison, J.), rendered May 3, 2024. The judgment convicted defendant, upon a plea of guilty, of attempted assault in the second degree. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). Defendant's sole contention consists of a challenge to the legality of the minimum period of the indeterminate sentence of imprisonment imposed by County Court. As defendant correctly asserts and the People correctly concede, defendant's contention would survive even a valid waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 10 [1989]; People v Balkum, 288 AD2d 910, 910 [4th Dept 2001]). Consequently, we need not address the validity of the appeal waiver (see People v Smith [appeal No. 2], 237 AD3d 1531, 1532 [4th Dept 2025]). Nonetheless, defendant's challenge to the legality of the minimum period of the indeterminate sentence was rendered moot by his release to parole supervision (see Balkum, 288 AD2d at 910), and we conclude that the exception to the mootness doctrine does not apply (see Smith, 237 AD3d at 1532; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). We therefore dismiss the appeal.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court