People v Provost
2026 NY Slip Op 04008
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Media Provost IV, Appellant.

Decided and Entered:June 25, 2026
CR-23-1486
Calendar Date: May 22, 2026
Before: Pritzker, J.P., Reynolds Fitzgerald, Mcshan, Powers And Ryba, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

[*1]
Appeal from a judgment of the County Court of St. Lawrence County (Gregory Storie, J.), rendered April 21, 2023, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
In 2021, defendant was indicted on three counts of predatory sexual assault, three counts of criminal sexual act in the first degree and two counts of endangering the welfare of a child. Defendant ultimately pleaded guilty to criminal sexual act in the first degree in full satisfaction of the indictment with the understanding that he would be sentenced to 8½ years in prison, to be followed by 20 years of postrelease supervision. The plea agreement also required that defendant waive his right to appeal. County Court thereafter sentenced defendant to the agreed-upon sentence, and defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal is valid. County Court advised defendant during the plea colloquy that a waiver of the right to appeal was a condition of the plea agreement, explained that the waiver was separate and distinct from the trial-related rights forfeited by a guilty plea and delineated various appellate rights that survive the waiver, and defendant affirmed his understanding thereof (see People v Hughes, 243 AD3d 1081, 1081 [3d Dept 2025], lv denied 45 NY3d 946 [2026]; People v Goodfellow, 243 AD3d 1030, 1030 [3d Dept 2025]; People v Patterson, 233 AD3d 1204, 1205 [3d Dept 2024]). Defendant also executed a written appeal waiver that similarly delineated certain appellate issues that survive the waiver, and defendant affirmed that he had reviewed the waiver with counsel, understood its contents and had no questions (see People v Hughes, 243 AD3d at 1081; People v Goodfellow, 243 AD3d at 1030). Further, "considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused" (People v Seaberg, 74 NY2d 1, 11 [1989]), we do not find that County Court's brief statement at sentencing regarding the finality of the conviction "was so misleading as to invalidate defendant's appeal waiver" (People v Carota, 235 AD3d 1069, 1070 [3d Dept 2025], lv denied 43 NY3d 962 [2025]). We note that following the statement, County Court reminded defendant that he retained the right to file an appeal notwithstanding his appeal waiver. Although defendant contends that County Court did not advise him prior to pleading guilty of the range of fines that the court could impose, "that point relates to the validity of the guilty plea — i.e.[,] whether the plea was a knowing, voluntary and intelligent choice among alternative courses of action — and defendant does not challenge or seek to vacate his guilty plea; this claim does not affect the validity of the waiver of appeal" (People v Cali, 229 AD3d 940, 941 [3d Dept 2024] [internal quotation marks and citation omitted]). In light of the foregoing, we are satisfied [*2]that defendant's combined oral and written appeal waiver is knowing, intelligent and voluntary (see People v Hughes, 243 AD3d at 1081; People v Goodfellow, 243 AD3d at 1030; People v Patterson, 233 AD3d at 1205) and, therefore, his challenge to the severity of his sentence is precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Sanchez, 241 AD3d 1675, 1676 [3d Dept 2025], lv denied 44 NY3d 1029 [2025]).
Pritzker, J.P., Reynolds Fitzgerald, McShan, Powers and Ryba, JJ., concur.
ORDERED that the judgment is affirmed.